# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCE WILLIAMS,<br><br>       Plaintiff,<br><br>   v.<br><br>CDCR DEPT. CORR. & REHAB, et al.,<br><br>       Defendants. | 1:14-cv-01912-JLT (PC)<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER<br><br>(Docs. 23, 26)<br><br>21-DAY DEADLINE |

   Plaintiff, Vince Williams, is proceeding *pro se* and *in forma pauperis* in this in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 19, 2015, Plaintiff filed a Second Amended Complaint.  (Doc. 22.)  On October 29, 2015, the Court dismissed the Second Amended Complaint as it failed to state any cognizable claims and granted leave for Plaintiff to file a third amended complaint within thirty days.  (Doc. 23.)  Plaintiff requested a 30-day extension of time to file a third amended complaint since he was soon to be paroled.  (Doc. 24.)  This Court did not find this to be good cause for the extension of time and denied the request.  (Doc. 26.)  Thus, Plaintiff's third amended complaint was due on December 3, 2015.  More than thirty days have passed and Plaintiff has not filed an amended complaint or otherwise respond to the Court's Order.

   The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or

1

of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, **within 21 days** the Court **ORDERS** Plaintiff to show cause why the action should not be dismissed for his failure comply with the Court's order and a strike imposed since he failed to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **December 15, 2015**            /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

2